1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **EASTERN DISTRICT OF CALIFORNIA**

7

8 DAVID TOWNSEL,                                    CASE NO. 1:15-CV-894---SMS

9                    Plaintiff,

10         v.                                       ORDER DISMISSING COMPLAINT WITH
                                                     LEAVE TO AMEND
11 RICHARD CIUMMO & ASSOCIATES;
   KEVIN R. WEIMER,
12
                     Defendants.
13

14

15         Plaintiff David Townsel brings the instant complaint *in pro se* and *in forma pauperis*

16 against defendants Richard Ciummo & Associates and Kevin R. Weimer for actions related to

17 Plaintiff's representation in a criminal matter. For the reasons below, Plaintiff's complaint will be

18 dismissed with leave to amend.

19     I.       SUMMARY OF ALLEGATIONS

20         According to the complaint, it appears that defendant Richard Ciummo & Associates is a

21 law firm and Kevin R. Weimer is an attorney, which provided Plaintiff representation in a criminal

22 matter. It appears that Plaintiff was arraigned on January 20, 2014 in Madera Superior Court for

23 three counts of grand theft auto. On February 21, 2014, Mr. Weiner advised Plaintiff to enter a

24 plea as to one count of grand theft auto, which would dismiss two other counts of grand theft auto,

25 one count of driving over the speed limit, and one count of driving on a suspended license. This

26 plea resulted in a twenty-eight month split sentence: fourteen months in Madera County

27 Department of Corrections, and fourteen months post-release community supervision. Plaintiff

28 was also required to pay $2500 in fines and restitution.

1    Plaintiff had been in custody since November 15, 2013. His Miranda rights were not read.

2    Plaintiff filed the instant complaint in this Court on June 12, 2015, seeking damages. He

3    was not in custody. Plaintiff alleges that he was harmed in several ways and lists several potential

4    causes of action including malpractice, intentional infliction of emotional distress, ineffective

5    assistance of counsel, and cruel and unusual punishment prohibited by the Eighth Amendment.

6    II.    SCREENING STANDARD

7    Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma*

8    *pauperis* or by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The Court must

9    dismiss the complaint or any portion of it that is "frivolous," "malicious," "fails to state a claim

10   upon which relief may be granted," or "seeks monetary relief from a defendant who is immune

11   from such relief." 28 U.S.C. § 1915(e)(2). To dismiss a complaint, or portion thereof, for failure to

12   state a claim, the Court applies the same standard as for motions to dismiss under Rule 12(b)(6).

13   *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). This screening for failure to state a

14   claim is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the

15   defendant may choose to bring. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

16   III.   RULE 8

17   A complaint must contain "a short and plain statement of the claim showing that the

18   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required,

19   but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*citing Bell Atlantic Corp.*

21   *v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted

22   as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (*quoting*

23   *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are

24   not. *Id*. at 678.

25   A pleading may not simply allege a wrong has been committed and demand relief. A

26   pleading must give fair notice of the claim being asserted and the grounds upon which it rests.

27   *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air*

28   *Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

If the Court determines that the complaint fails to state a claim, it should grant leave to amend to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d at 1130. Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Id*. at 1128.

IV.    DISCUSSION

Plaintiff's complaint contains very few facts. The only allegation against either defendant is that Mr. Weimer advised him to enter a plea. As stated above, Plaintiff must set forth sufficient factual matter that states a claim to relief. Plaintiff's complaint does not state a sufficient claim for relief. It is not clear what harm he alleges or how any defendant caused that harm.

Considering the identified causes of action, it can be gathered that Plaintiff is unsatisfied with his legal representation. But he has not alleged how his attorney fell below the standard of practice in representing him, or how his attorney's actions harmed him. To the extent possible, Plaintiff should allege specific facts that explain what actions were committed by what defendant, and how those actions violated the law or how those actions harmed him. Plaintiff must allege sufficient facts to give defendants fair notice of his claims against them, and his reasons for asserting those claims, such that they would be able to engage a proper defense. Plaintiff has only identified that his attorney advised him to enter a plea. This is a very proper and common action undertaken by an attorney in a criminal matter. Plaintiff has not identified any fact or facts demonstrating that there was anything improper about the plea or the attorney's advice.

Plaintiff identifies the Eighth Amendment prohibition against cruel and unusual punishment several times, but he does not allege any fact specifying what was cruel or unusual about his punishment. He also does not identify the proper party responsible for a potential Eighth Amendment violation. It is not plausible that his attorney is liable for an Eighth Amendment violation.

As currently pled, Plaintiff's complaint does not demonstrate that he is entitled to relief. The complaint does not contain sufficient factual matter that states a plausible claim, and it will be dismissed with leave to amend.

1    V.    LEAVE TO AMEND

2         Plaintiff will be given opportunity to amend his complaint with sufficient factual detail to

3    state a claim for relief. Plaintiff is advised to research each cause of action he intends to bring in

4    order to understand the necessary elements of each claim and the proper defendants. Plaintiff is

5    also advised to research the relevant statutes of limitation which impose deadlines in which a

6    claim may be brought. Plaintiff is further advised that the federal court is of limited jurisdiction

7    and will not usually hear claims arising solely under state law.

8         If Plaintiff elects to file an amended complaint, it must bear the docket number assigned in

9    this case and be labeled "First Amended Complaint." Plaintiff is advised that an amended

10   complaint supersedes the original complaint and must be "complete in itself without reference to

11   the prior or superseded pleading," Local Rule 220. Plaintiff is warned that all causes of action

12   alleged in an original complaint which are not alleged in an amended complaint will be deemed

13   waived.

14   VI.    ORDER

15        Based on the foregoing, it is hereby ORDERED that Plaintiff's complaint is DISMISSED

16   with leave to amend. Plaintiff may file an amended complaint curing the deficiencies identified by

17   the Court in this order within thirty (30) days from the date of service of this order. Plaintiff is not

18   required to file an amended complaint, but failure to do so by the deadline will result in dismissal

19   of this action.

20

21

22   IT IS SO ORDERED.

23   Dated:   __**October 8, 2015**__              _____**/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28